IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CARMELLIA JEAN CURRIE, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:11-CV-150 (CDL) |
| COLUMBUS, GEORGIA, *et al.*, | * |
| Defendants. | * |

O R D E R

After the former director of the Columbus, Georgia Department of Parks and Recreation was accused of misusing city funds and property, a political firestorm erupted that according to Plaintiff left her as collateral damage. Plaintiff now turns to the federal court for help. The question presently presented is whether the recourse Plaintiff seeks is available based upon the factual allegations in her Complaint.

Plaintiff Carmellia Jean Currie ("Currie") is a former employee of Defendant Columbus, Georgia ("Columbus" or "City"), who worked in the City's Department of Parks and Recreation during the time period relevant to this action. She claims that City Manager Isaiah Hugley ("Hugley") and Assistant City Manager Lisa Goodwin ("Goodwin") fired her when she raised questions about the allegedly inappropriate activities being conducted by the director of Parks and Recreation and other city officials.

She filed her Complaint against Columbus, City Manager Hugley and Assistant Manager Goodwin pursuant to "42 U.S.C. [§] 1983 and all other Federal, State and Local laws applicable hereto." Compl. ¶ 3, ECF No. 1. After Defendants filed a motion to dismiss Currie's Complaint for failure to state a claim, Currie moved to amend her Complaint by adding the conclusory allegation that "Currie was discharged . . . because she was a white female who knew of her superiors['] wrong doing." Mot. for Leave to Amend Attach. 1 Amendment ¶ 1, ECF No. 14-1. She also alleges in her Amendment that City Manager Hugley made a statement "that there was a need to get rid of the 'White Woman.'" *Id.*

For the following reasons, the Court finds that Currie's Complaint fails to state a claim under federal law upon which relief may be granted. Furthermore, Currie's proposed Amendment to her Complaint does not cure the deficiency, and thus allowing it would be futile. Accordingly, Currie's Motion for Leave to Amend (ECF No. 14) is denied, and Defendants' Motion to Dismiss Currie's federal law claims (ECF No. 5) is granted. To the extent that Currie attempts to allege any state law claims, the Court declines to exercise supplemental jurisdiction over those claims, and they are dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

A party may attempt to cure deficiencies in a complaint by seeking leave to amend it. Fed. R. Civ. P. 15(a)(2). A court "should freely give leave when justice so requires." *Id.* "A

district court need not, however, allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

## DISCUSSION

To resolve the pending motions, the Court finds it appropriate to analyze Currie's Complaint with the Amendment she seeks to add. If the proposed amended Complaint does not state a claim upon which relief may be granted, then her motion for leave to amend must be denied as futile and Defendants' motion to dismiss must be granted. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). Accepting the allegations in Currie's proposed amended Complaint as true and construing all reasonable inferences in Currie's favor as required at this stage of the proceedings, the Court finds that Currie alleges that City Manager Hugley and Assistant City Manager Goodwin conspired to wrongfully discharge her from her employment because she was a threat to their alleged continued misconduct related to the activities of the Parks and Recreation Department and its director.

Currie attempts to make a federal case out of her discharge by alleging in conclusory fashion in her original Complaint that her claims are being asserted pursuant to 42 U.S.C. § 1983 ("§ 1983"). Apparently recognizing that such conclusory allegations are not sufficient to state a federal claim, Currie

4

attempts to "beef up" her original Complaint with an Amendment alleging that she was discharged "because she was a white female who knew of her superiors['] wrong doing . . .," that City Manager Hugley allegedly told the City Council "that there was a need to get rid of the 'White Woman,'" and that Defendants' conduct violates 42 U.S.C. § 1981 ("§ 1981"), which prohibits racial discrimination. Amendment ¶¶ 1-2.

Currie's bare *accusations* of race and/or gender discrimination are not supported by *factual* allegations that would state a claim under § 1983 or § 1981. To state a § 1983 claim, Currie must preliminarily allege facts that support a finding that a violation of the United States Constitution or federal law played a causal role in the alleged wrong, termination of her employment. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *see also Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (listing elements of § 1983 race discrimination claim). Similarly, but more narrowly, to state a claim under § 1981, Currie must allege facts which support the conclusion that racial discrimination played a causal role in her discharge. *Grimsley v. Marshalls of MA, Inc.*, 284 F. App'x 604, 608 (11th Cir. 2008) (per curiam).

Currie has alleged no facts to support her general and conclusory accusations of race and/or gender discrimination.

5

The only facts that she alleges in support of her implication that discriminatory intent played a role in her discharge is an alleged statement by City Manager Hugley that "there was a need to get rid of the 'White Woman.'"  Amendment ¶ 1.  This comment standing alone does not plausibly support the conclusion that Currie was fired *because* she was a "White Woman" or that race or gender played a motivating role in the discharge.  When read in conjunction with the other allegations in her Complaint, the thrust of Currie's Complaint is that the City Manager wanted to "get rid of the 'White Woman'" because she knew "of her superiors['] wrong doing."  *Id.*  It is not illegal race or gender discrimination to fire "a 'White Woman'" because "she knew of her superiors['] wrong doing."  *Id.*  It is illegal to fire her because she was white or because she was female.  Moreover, while it may be a violation of an employee's legal rights under certain circumstances to fire the employee simply because she knew of her superiors' wrong doing, such a claim for the violation of those rights is not one for race or gender discrimination.

For the sake of completeness, the Court notes that Currie's proposed amended Complaint does not allege any other

type of federal claim.[1]  The Court observes that Currie is the master of her own Complaint.  *See Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1303 (11th Cir. 2010) ("[T]he plaintiff is the master of the complaint.") (internal quotation marks omitted).  Currie must allege the rights that she seeks to vindicate and point to the law upon which she relies in the assertion of her claims.  The Court is not required to amend her Complaint for her or to convert a "dismissible" Complaint into a sustainable one.

Regarding Currie's federal law claims, she has simply failed to allege facts sufficient to support the conclusion that she was fired because she was white or female.  Her allegations of race and/or gender discrimination do not "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Her citations to the sections of the United States Code that she contends were violated do not rescue her otherwise deficient Complaint.  She must allege "facts" that support the alleged violations.  *Id.*  A "formulaic recitation" of the applicable law is not enough.  *Id.*  Currie's Complaint, even as amended, states no plausible claim for relief under federal law and must be dismissed.  *Id.*

---

[1] To the extent Currie intended to assert claims based on a denial of her due process rights, the Court finds that she has failed to allege sufficient facts to support such claims.

7

Currie's grievance is clear: she believes she was discharged because she was a threat to Hugley and Goodwin and their alleged continued misconduct related to the Parks and Recreation Department.  While these allegations, if true, certainly present troubling issues that may implicate the violation of Currie's legal rights, her Complaint, as presently drafted even with her proposed Amendment, does not state claims for race or gender discrimination under federal law.  Therefore, Currie's claims under § 1983 and § 1981 are dismissed.  To the extent that Currie attempts to assert state law claims under Georgia law for wrongful discharge, the Court declines to exercise supplemental jurisdiction over those claims, which are dismissed without prejudice.

## CONCLUSION

For the forgoing reasons, the Court grants Defendants' Motion to Dismiss (ECF No. 5) Currie's federal law claims, denies Currie's Motion for Leave to Amend (ECF No. 14), and dismisses without prejudice Currie's state law claims.

IT IS SO ORDERED, this 11th day of May, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE